UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 5/8/19
```

WEN HU, *individually and on behalf of all other employees similarly situated*,

Plaintiffs,

v.

BLOOMING NAILS, INC. d/b/a BLOOMING NAILS & SPA I, BLOOMING NAILS II, INC. d/b/a BLOOMING NAILS & SPA II, BARNEY NAIL, INC. d/b/a BLOOMING NAILS & SPA III, 260 PARK S. BEAUTY CORP. d/b/a BLOOMING NAILS & SPA IV, BO OAK KIM, and YONG S. KIM,

Defendants.

No. 1:17-cv-7062 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Wen Hu commenced this action against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Before the Court is the parties' application for approval of a settlement agreement. *See* Ltr. Motion Settlement Approval ("Ltr. Mot.") (Dkt. 20); Settlement Agreement (Dkt. 20-1). For the following reasons, the Court grants the application.[1]

Under the proposed settlement agreement, Defendants agree to pay Plaintiff a total of $6,000. *See* Settlement Agreement ¶ 4. The total settlement amount exclusive of attorney's fees and costs—$3,400—constitutes over 26% of the estimated total damages that Plaintiff could have recovered in this case. *See* Ltr. Mot. at 1. Based on the parties' representations, this amount is fair "in light of the legal and evidentiary challenges that would face the plaintiff[] in the absence

---

[1] The Court notes that the version of the Settlement Agreement that Plaintiff filed has been executed by only the two individual Defendants, Bo Oak Kim and Yong S. Kim. The parties are advised that the corporate Defendants must execute the agreement in order to be bound by its terms.

of a settlement." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 342 (S.D.N.Y. 2016); *see also Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery).

The requested award of attorney's fees and costs is also reasonable. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). A contingency fee award is presumptively valid where "the proposed fee amount is exactly one-third of the net settlement amount, which is an amount routinely approved under the percentage method" in this district. *Angamarca v. Hud-Moe LLC*, No. 18-CV-1334 (RA), 2018 WL 6618412, at *1 (S.D.N.Y. Dec. 17, 2018). Here, Plaintiff's counsel will receive $1,400, which amounts to 30% of the total settlement amount, exclusive of costs. Ltr. Mot. at 2; Settlement Agreement ¶ 4. *See also Beckert v. Rubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) ("[W]hen awarding attorneys' fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement net of costs."). The Court thus approves the proposed attorney's fees under the percentage of the fund method. The Court also approves of Plaintiff's request for reasonable costs totaling $1,200 for filing and service fees, which is substantiated by receipts and invoices attached to the supporting declaration of Ge Qu. *See* Qu Decl. Att. 1 (Dkt. 21-1); *Rosales v. Gerasimos Enterprises Inc.*, No. 16-CV-2278 (RA), 2018 WL 286105, at *3 (S.D.N.Y. Jan. 3, 2018).

Finally, Plaintiffs' release of claims is reasonable. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung*, 226 F. Supp. 3d at 228 (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Plaintiff's releases here are narrowly tailored "only to

wage and hour claims that have arisen on, or prior to, the date th[e] [Settlement] Agreement is executed[.]" The Court therefore approves the release provisions in the Settlement Agreement.

The Court notes that, under the settlement agreement, $1,600 is to be made payable to Plaintiff directly. Settlement Agreement ¶ 4(a). The Court construes the following provision—that Plaintiff's counsel "shall be responsible for distributing the Settlement Sum" to Plaintiff—as referring to the remaining $1,800 of Plaintiff's $3,400 recovery. *See id.* ¶ 4(b). The Court further notes that the proposed "Stipulation and Order of Final Dismissal with Prejudice" that was filed, pursuant to paragraph 2 of the Settlement Agreement, is not executed by any Defendants. The Court will nonetheless order proceedings consistent with the parties' intent as expressed in the Settlement Agreement. The case shall be administratively closed by the Clerk of Court, without prejudice to reopen it in the event that Defendants fail to make the $6,000 payment. In the event that payment is properly made, and after Plaintiff's counsel have ensured that Plaintiff has received her full $3,400 recovery, the parties must comply with paragraph 2(a) of the Settlement Agreement to the extent it requires them to file an executed stipulation of dismissal with prejudice. Such a stipulation of dismissal must be filed no later than 45 days after the date of this Order.

## CONCLUSION

For the foregoing reasons, the Court approves the proposed settlement agreement. Plaintiff's counsel will receive $2,600 of the settlement amount, for attorney's fees and costs, and the remaining $3,400 will go to Plaintiff. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: May 8, 2019
       New York, New York

Ronnie Abrams
United States District Judge